LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

WALTER NEIRA SANCHEZ,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

    Plaintiff,

    v.

NEW YORK KIMCHI CATERING, CORP.,
GUM GANG INC.,
UN CHA KIM
and SANDRA YOO,

    Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff, WALTER NEIRA SANCHEZ ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, NEW YORK KIMCHI CATERING, CORP., GUM GANG INC., UN CHA KIM and SANDRA YOO (each individually "Defendant" and collectively "Defendants") and states as follows:

**INTRODUCTION**

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) tips earned at catering events that were illegally retained by Defendants, (4) portions of tips earned on credit card orders illegally deducted and retained by Defendants, (5) liquidated damages and (6) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) tips earned at catering events that were illegally retained by Defendants, (4) portions of tips earned on credit card orders illegally deducted and retained by Defendants, (5) unpaid spread of hours premium, (6) statutory penalties, (7) liquidated damages, and (8) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

**PARTIES**

5. Plaintiff, WALTER NEIRA SANCHEZ, is a resident of Queens County, New York.

6. Upon information and belief, Defendant, NEW YORK KIMCHI CATERING, CORP. is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process at 16 West 48th Street, New York, New York 10036.

7.      Upon information and belief, Defendant, GUM GANG INC., is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 16 West 48th Street, New York, New York 10036.

8.      Together, Defendants, NEW YORK KIMCHI CATERING, CORP. and GUM GANG INC. operate a restaurant, catering, event planning and food delivery business under the trade name "New York Kimchi," located at 16 West 48th Street, New York, New York.

9.      (a) Defendant, SANDRA YOO, is the Chief Executive Officer of Defendants NEW YORK KIMCHI CATERING, CORP., and GUM GANG, INC.

(b) Defendant, UN CHA KIM, is the manager and accountant of Defendants NEW YORK KIMCHI CATERING, CORP., and GUM GANG, INC.

(c) Together, Defendants SANDRA YOO and UN CHA KIM exercised control over the terms and conditions of the employment of the Plaintiff, FLSA Collective Plaintiffs and Class members.  They had the power and authority and did exercise their authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment, of Plaintiff, FLSA Collective Plaintiffs and the Class members.  She also had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and the Class members.

(d) Defendant KIM is in charge of payroll and maintaining payroll records at Defendants' business. On occasion, Defendant KIM would submit such payroll records to Defendant YOO, the owner and chief executive officer, for inspection. Employee questions regarding compensation are referred to Defendant KIM.

10. At all relevant times, each of NEW YORK KIMCHI CATERING, CORP. and GUM GANG INC., was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members were directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. In addition, a subclass of FLSA Collective Plaintiffs who worked as tipped employees (the "Tipped Subclass"), suffered from Defendants' policies of (i) not paying them the required minimum wage by claiming an invalid tip credit, and (ii) unlawfully retaining tips earned by Tipped Subclass Members. Defendants were not entitled to take any tip credits under the FLSA, because they failed to properly provide notice to all tipped employees that Defendants were taking a tip credit, illegally retained tips and portions of tips earned by tipped employees, and required

tipped employees to spend in excess of two (2) hours performing non-tipped tasks during each shift worked. Plaintiff is a member of the Tipped Subclass.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

17. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18. The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

19. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to (i) pay them overtime at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, (ii) pay them spread of hours premium for each shift exceeding ten (10) hours in duration (iii) provide them wage notice at the beginning of their employment and (iv) provide them proper wage statements.

20. In addition, Plaintiff was a member of a subclass of Class members who were tipped employees (the "Tipped Subclass") suffered as a result of (i) Defendants' failure to pay minimum wage (based on Defendants' invalid tip credit), and (ii) Defendants' policy of unlawfully retaining tips that they earned. Defendants were not entitled to take any tip credits under the NYLL, failed to properly provide notice to all tipped employees that Defendants were taking a tip credit, failed to provide tipped employees with wage statements indicating the total amount of tip allowance taken or the hourly rate of tip credit deduction, illegally retained tips and portions of tips earned by tipped employees, and required tipped employees to spend in excess of twenty percent (20%) of each shift worked performing non-tipped tasks. Even if Defendants had fulfilled all of the requirements to take a tip credit, their compensation of employees at rates below the prevailing minimum wage would still be unlawful as they compensated Plaintiff and other Tipped Subclass members at straight time base hourly rates below even the tip credit minimum wage.

21. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiffs in wage and hour cases.

23.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiff and other Class members within the meaning of the New York law;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

   c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and other Class members for their work;

   d) Whether Defendants properly notified Plaintiff and other Class members of their hourly rate and overtime rate;

   e) Whether Defendants properly provided notice to Plaintiff and the rest of the Tipped Subclass that Defendants were taking a tip credit;

   f) Whether Defendants provided periodic wage statements to Plaintiff and the rest of the Tipped Subclass all indicating (i) the total amount of tip credit taken and (ii) the hourly rate of tip credit deduction;

g) Whether Defendants caused Plaintiff and the rest of the Tipped Subclass to engage in non-tipped duties exceeding 20% of each workday;

h) Whether Defendants unlawfully retained tips earned by Plaintiff and the rest of the Tipped Subclass that were earned from customers at catering events;

i) Whether Defendants unlawfully retained a portion of each tip earned by Plaintiff and the rest of the Tipped Subclass Members on each order for which the customer paid by credit card;

j) Whether Defendants paid Plaintiff and other Tipped Subclass members the federal and state minimum wage for all hours worked;

k) Whether Defendants properly compensated Plaintiff and other Class members for overtime under state and federal law;

l) Whether Defendants paid Plaintiff and other Class members the New York State "spread of hours" premium when their workdays exceeded ten hours;

## STATEMENT OF FACTS

26. On or about February 1, 2014, Plaintiff WALTER NEIRA SANCHEZ was hired by Defendants to work as a delivery person for Defendants at their "New York Kimchi" restaurant and catering, event planning, and food delivery service located at 16 West 48th Street, New York, New York. His employment by Defendants ended on or about November 30, 2014.

27. During Plaintiff's employment by Defendants, he worked over forty (40) hours per week, and over ten (10) hours per day worked. Specifically, Plaintiff regularly worked 5 days a week from 10:30 a.m. to 9:00 p.m. Plaintiff was never permitted to take a lunch break during his employment by Defendants.

***Defendants' Failure To Provide Overtime For Hours Worked in Excess of Forty (40) Each Workweek***

28. During Plaintiff's employment by Defendants, he was paid at a straight time base hourly rate of $5.00 per hour for all hours worked, including for those hours that he worked in excess of forty (40) per workweek.

29. Similarly, FLSA Collective Plaintiffs and Class members were compensated at straight time base hourly rates, including for those hours worked in excess of forty (40) each workweek.

30. Plaintiff was never provided with overtime premium at a rate of one and one half times his straight time base hourly rate for those hours worked in excess of forty (40) each workweek, as required under the FLSA and NYLL. Similarly, FLSA Collective Plaintiffs and Class Members were never paid any overtime premium for those hours worked in excess of forty (40) each workweek.

### *Defendants' Failure to Provide Spread of Hours Premium For Each Shift Exceeding Ten (10) Hours in Duration*

31. During his employment by Defendants, Plaintiff regularly worked shifts in excess of ten (10) hours in duration. However, Plaintiff never received any spread of hours premium for working such shifts, as required under the NYLL.

32. Similarly, other FLSA Collective Plaintiffs and Class members regularly worked shifts in excess of ten (10) hours in duration. However, they never received any spread of hours premium for working such shifts, as required under the NYLL.

### *Defendants' Illegal Retention of Tips Earned At Catering Events, And Portions of Tips Earned On All Credit Card Orders*

33. Throughout Plaintiff's employment by Defendants, he suffered as a result of Defendants' retention of tips and portions of tips that he earned. Similarly, Tipped Subclass members suffered as a result of Defendants' retention of tips and portions of tips that they earned.

34. During his employment by Defendants, Plaintiff was frequently required to deliver food to, and to perform other tasks in preparation for and during events catered by Defendants' business. At such events, customers would provide tips for Plaintiff (and for the other tipped employees working at such events). However, Defendants engaged in a practice of retaining the tips earned by Plaintiff during catering events. Defendants would only provide nominal amounts (usually only $10.00) to Plaintiff after such events, regardless of the actual amount in tips that customers provided for him at each catering event. Defendants never even notified Plaintiff of the actual amount in tips that he earned for working such catering events.

35. Similarly, Defendants retained all tips earned by Tipped Subclass members at catering events, and would instead provide them nominal amounts for working such events, regardless of the actual amount in tips that they earned at such events. Defendants never even notified Tipped Subclass members of the actual amount in tips that customers provided them for working each catering event.

36. Further, Defendants illegally retained approximately sixty percent (60%) of the gratuity earned by Plaintiff on each customer order paid for by credit card. Plaintiff would only receive approximately forty percent (40%) of each tip intended for him.

37. Similarly, Defendants illegally retained approximately sixty percent (60%) of each gratuity earned by other Tipped Subclass members on each customer order paid for by credit card. Like Plaintiff, other Tipped Subclass member would only receive approximately forty percent (40%) of each tip intended for him.

### *Defendants' WTPA Violations*

38. During his employment by Defendants, Plaintiff was never provided with proper wage and hour notice upon hiring, as required under the NYLL. Further, Plaintiff was never provided with

11

proper notice of Defendants' tip credit, as required under the FLSA and NYLL. In fact, Defendants never provided Plaintiff with any wage and hour notices during his employment.

39. Similarly, other Class members were never provided with proper wage and hour notice by Defendants, and other Tipped Subclass members were not provided with proper notice of Defendants tip credit.

40. During his employment by Defendants, Plaintiff was never provided with proper wage statements for on a periodic basis, as required pursuant to the NYLL. Further, Plaintiff was never provided with wage statements on a period basis stating (i) the total tip allowance taken and (ii) the hourly rate of tip credit taken. In fact Defendants never provided Plaintiff with any wage statements during his employment.

### *Defendants' Failure to Pay Minimum Wage, Due to an Invalid Tip Credit*

41. At all relevant times, Defendants paid Plaintiff and Tipped Subclass members at an hourly rate below the required minimum wage, due to their tip credit.

42. However, Defendants were not entitled to take any tip credits under the FLSA or NYLL because they: (i) failed to provide Plaintiff with any notice, either at the beginning of their employment or anytime thereafter, informing them that Defendants were claiming a tip credit; (ii) failed to provide Plaintiff with wage statements showing the total and hourly amounts of tip credit allowance taken for each payment period during their employment; (iii) required Plaintiff to spend at least two (2) hours, and/or twenty percent (20%) of each shift performing non-tipped tasks, including, but not limited to preparing salads, carrying prepared food to and from the kitchen, setting up catering events, cleaning up after catering events, accepting incoming deliveries, and unloading such deliveries; and (iv) unlawfully retained tips owed to Plaintiff.

43. Similarly, with respect to other Tipped Subclass members, Defendants were not permitted to take any tip credits because they: (i) failed to provide Tipped Subclass Members with any notice, either at the beginning of their employment or anytime thereafter, informing them that Defendants were claiming a tip credit; (ii) failed to record the total amount in tip credit allowance, (iii) failed to provide Tipped Subclass Members with wage statements showing the total amount of tip credit allowance, and the hourly amount in tip credit taken for each payment period during their employment; (iv) required Tipped Subclass Members to spend at least two (2) hours, and/or twenty percent (20%) of each shift performing non-tipped tasks, including, but not limited to preparing salads, carrying prepared food to and from the kitchen, setting up catering events, cleaning up after catering events, accepting incoming deliveries, and unloading such deliveries; and (v) unlawfully retained tips owed to Tipped Subclass Members.

44. Even assuming Defendants were in fact entitled to take a tip credit, Plaintiff's straight time base hourly wage of $5.00 per hour would still have been below the required tip credit minimum wage for delivery person, which was required to be at least $5.65 per hour at all relevant times. Similarly, at all relevant times Tipped Subclass members were compensated at base hourly rates that were below even the tip credit minimum wage.

45. At all relevant times, Defendants engaged in a policy and practice of not paying Plaintiff, FLSA Collective Plaintiffs, and Class members overtime premium of one and one-half times their straight time base hourly rate for all hours worked in excess of forty (40) each workweek.

46. At all relevant times, Defendants engaged in a policy and practice of not paying Plaintiff and Tipped Subclass members the prevailing minimum wage for each hour worked, due to their invalid tip credit.

47. At all relevant times, Defendants engaged in a policy and practice of illegally retaining tips and portions of tips earned by Plaintiff and Tipped Subclass Members.

48. At all relevant times, Defendants engaged in a policy and practice of not paying Plaintiff, FLSA Collective Plaintiffs, and Class members spread of hours premium due for each shift worked exceeding ten (10) hours in duration.

49. At all relevant times, Defendants engaged in a policy and practice of not providing wage and hour notices to Plaintiff and Class members at the commencement of their employment.

50. At all times, Defendants operated their business with a policy of not providing proper wage statements to Plaintiff and Class members as required under the New York Labor Law.

51. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

52. Plaintiff realleges and reavers Paragraphs 1 through 51 of this Class and Collective Action Complaint as if fully set forth herein.

53. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

54. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

55. At all relevant times, each of Defendants, NEW YORK KIMCHI CATERING, CORP. and GUM GANG, INC., had gross annual revenues in excess of $500,000.

56. At all relevant times, Defendants refused to pay Plaintiff and FLSA Collective Plaintiffs proper overtime compensation in the lawful amount for hours worked in excess of forty (40), as required by the FLSA.

57. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and Tipped Subclass members the statutory minimum wage, due to their tip credit. However, Defendants were not entitled to take any tip credits under the FLSA, because they: (i) failed to provide Plaintiff and Tipped Subclass Members with any notice, either at the beginning of their employment or anytime thereafter, informing them that Defendants were claiming a tip credit; (ii) required Plaintiff and Tipped Subclass Members to spend at least two (2) hours of each shift performing non-tipped tasks, including, but not limited to preparing salads, carrying prepared food to and from the kitchen, setting up catering events, cleaning up after catering events, accepting incoming deliveries, and unloading such deliveries; and (iii) unlawfully retained tips and portions of tips owed to Plaintiff and Tipped Subclass Members.

58. At all relevant times, Defendants illegally retained customer gratuities and portions of customer gratuities intended for Plaintiff and Tipped Subclass members, and refused to provide Plaintiff and Tipped Subclass members with same, in violation of the FLSA.

59. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants.  Plaintiff intend to obtain these records

by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

60. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week, compensate Plaintiff and Tipped Subclass members the prevailing minimum wage, and allow Plaintiff and Tipped Subclass members to retain all tips earned without deduction or retention, when Defendants knew or should have known such was due.

61. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

62. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

63. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime wages, and compensation for unlawfully retained gratuities and portions of gratuities, plus an equal amount as liquidated damages.

64. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

65. Plaintiff realleges and reavers Paragraphs 1 through 64 of this Class and Collective Action Complaint as if fully set forth herein.

66. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

67. Defendants willfully violated Plaintiff' and Class members' rights by failing to pay them overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the NYLL.

68. With respect to the Tipped Subclass members, Defendants had a policy and practice of refusing to pay them the statutory minimum wage, due to their invalid tip credit. Defendants were not entitled to take any tip credits under the NYLL, because they: (i) failed to provide Tipped Subclass Members with any notice, either at the beginning of their employment or anytime thereafter, informing them that Defendants were claiming a tip credit; (ii) failed to record the total amount in tip credit allowance, (iii) failed to provide Tipped Subclass Members with wage statements showing the total amount of tip credit allowance, and the hourly amount in tip credit taken for each payment period during their employment; (iv) required Tipped Subclass Members to spend at least twenty percent (20%) of each shift performing non-tipped tasks, including, but not limited to preparing salads, carrying prepared food to and from the kitchen, setting up catering events, cleaning up after catering events, accepting incoming deliveries, and unloading such deliveries; and (v) unlawfully retained tips and portions of tips owed to Tipped Subclass Members. Defendants willfully violated Plaintiff' and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

69. Defendants willfully violated Plaintiff and Tipped Subclass members' rights by retaining gratuities and portions of gratuities intended for Plaintiff and Tipped Subclass members.

70. Plaintiff and Class members' workdays regularly exceeded ten (10) hours. Defendants willfully violated Plaintiff' and Class members' rights by failing to pay "spread of hours" premium to Plaintiff and Class members for each workday that exceeded ten (10) hours.

71. Defendants knowingly and willfully operated their business with a policy of not providing wage and hour notice to Plaintiff and Class members at the beginning of their employment, nor annually thereafter, in violation of the NYLL.

72. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL. With respect to tipped employees, Defendants also failed to provide wage statements showing the amount of tip credit allowance taken in each payment period.

73. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime, unpaid minimum wage, unpaid spread of hours premium, unpaid compensation due to unlawful retention of tips and portions of tips, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

f. An award of unpaid compensation due to unlawful retention of tips and portions of tips, due under the New York Labor Law;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage, and Defendants willful retention of tips and portions of tips, pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage, "spread of hours" premium, and Defendants' unlawful retention of tips and portions of tips, pursuant to the New York Labor Law;

i. An award of prejudgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k. Designation of this action as a class action pursuant to F.R.C.P. 23;

l. Designation of Plaintiff as Representative of Class; and

m. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand trial by jury on all issues so triable as of right by jury.

Dated: October 5, 2015

                        Respectfully submitted,

                        LEE LITIGATION GROUP, PLLC
                        C.K. Lee (CL 4086)
                        Anne Seelig (AS 3976)
                        30 East 39th Street, Second Floor
                        New York, NY 10016
                        Tel.: 212-465-1188
                        Fax: 212-465-1181
                        *Attorneys for Plaintiff, FLSA Collective Plaintiff and the Class*

                By:   */s/ C.K. Lee*
                        C.K. Lee (CL 4086)