UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>  x

WALTER NEIRA SANCHEZ,                                        Case No. 16 CV 7784
on behalf of himself,
FLSA Collective Plaintiffs
and the Class,
                             Plaintiff,

        -v-

NEW YORK KIMCHI CATERING
CORP., GUM GANG INC.,
UN CHA KIM and SANDRA YOO,

                        Defendants.
_____x

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23**

Dated: New York, New York
       January 20, 2017

                                   McCALLION & ASSOCIATES LLP
                                   100 Park Ave, 16th Floor
                                   New York, New York 10017
                                   (646) 366 0884
                                   Attorneys for Defendants Gum Gang
                                   Inc., Un Cha Kim and Sandra Yoo

i

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

FACTS .....................................................................................................................1

ARGUMENT ...........................................................................................................3

    PLAINTIFF FAILS TO MEET THE REQUIREMENTS NECESSARY TO GRANT
    RULE 23 CERTIFICATION .................................................................................3

        A.  Legal Standard For Certification Under Fed. R. Civ. P. Rule 23 .......................3

        B.  Plaintiff Lacks the Numerosity Required Under of Rule 23(a) ...........................4

        C.  Plaintiff Lacks the Requisite Commonality/Typicality ...................................6

        D.  Plaintiff Will Not Adequately Represent The Proposed Class ...........................7

        E.  Plaintiff's Claims Predominate Over Those Common to The Class ...................8

        F.  A Class Action Is Not Superior Under The Facts Here .....................................9

    CONCLUSION .....................................................................................................10

# TABLE OF AUTHORITIES

## Cases

*Abdul-Malik v. Coombe*,
1996 U.S. Dist. LEXIS 18203, at *1 (S.D.N.Y. Dec. 6, 1996) ............................................4

*Alix v. Wal-Mart Stores, Inc.*,
57 A.D.3d 1044, 868 N.Y.S.2d 372, 374 (3d Dep't 2008)....................................................8

*Anderson v. Westinghouse Savannah River Co.*,
406 F.3d 248, 274 (4th Cir. 2005) .......................................................................................6

*Ansari v. New York Univ.*,
179 F.R.D. 112, 114 (S.D.N.Y April 22, 1998 ....................................................................4

*Augustin v. Jablonsky* (*In re Nassau County Strip Search Cases*),
461 F.3d 219 at 228 (2d Cir. August 24, 2006) ...................................................................9

*Burgos v. New York Kimchi Catering, Corp.*,
No. 15 Civ. 1971 (S.D.N.Y. March 16, 2015)......................................................................2

*Consolidated Rail Corp. v.Town of Hyde Park*,
 47 F.3d 473, 483 (2d Cir. 1995) .........................................................................................4

*East Texas Motor Freight Sys., Inc. v. Rodriquez,*
431 U.S. 395 (1977)..............................................................................................................7

*General Tel. Co. of Southwest v. Falcon*,
457 U.S. 147 (1982)..............................................................................................................7

*In re Initial Public Offering Sec. Litig.*,
471 F.3d 24, 41 (2d Cir. 2006) ............................................................................................3

*Jackson v. Foley*,
156 F.R.D. 538, 542 (E.D.N.Y. 1994)..................................................................................4

*Moore v. PaineWebber, Inc.*,
306 F.3d 1247, 1252 (2d Cir. 2002) .....................................................................................8

*Noble v. 93 Univ. Place Corp.,*
224 F.R.D. 330, 338 (S.D.N.Y. May 3, 2004)( ...................................................................6

*Novella v. Westchester Cty.*,
443 F. Supp. 2d 540, 546 (S.D.N.Y. 2006) .........................................................................4

*Poplawski v. Metroplex on the Atlantic LLC,*
2012 U.S. Dist. LEXIS 46408 *17 (S.D.N.Y. April 2, 2012) ............................................5

*Robidoux v. Celani*,
987 F.2d 931, 936 (2d Cir. 1993) ........................................................................4

*Toure v. Cent. Parking Sys.*,
2007 U.S. Dist. LEXIS 740 (S.D.N.Y. September 28, 2007)..............................3

*Vengurlekar v. HSBC Bank*,
2007 U.S. Dist. LEXIS 37521, 2007 WL 1498326, at *3 (S.D.N.Y. May 22, 2006) .........4

*Wal-Mart Stores, Inc. v. Dukes,*
131 S. Ct. at 2551-52 ........................................................................................4

**Statutes**
Fair Labor Standards Act, 29 U.S.C. §§201 *et. seq.* ...........................................2

**Rules**
Fed. R. Civ. P. 23 ............................................................................................3,7

## INTRODUCTION

Plaintiff's motion for an order certifying his New York Labor Law claims as a class action and other relief pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") should be denied. As discussed below, plaintiff has not -- and cannot -- demonstrate the requirements of Rule 23, including the numerosity, commonality, adequacy, superiority and predominance requirements.

Although plaintiff has provided a veritable legal treatise on the certification of supplemental New York Labor Law ("NYLL") claims as collective actions, his motion depends entirely upon self-serving and conclusory allegations and mischaracterizations of the facts in a related case against the same defendants -- brought by three different plaintiffs represented by the same counsel -- in which collective action notices were sent to all of defendants' employees in late 2015 and/or early 2016. In that prior case, which was settled only a few months before this case was commenced, the Court reluctantly approved settlement because of concerns about the propriety of counsel's fee application.

As discussed below, the record in the prior case clearly rebuts plaintiff's claim of defendants' "serial non-compliance with the NYLL," and fatally undermines the class action allegations of a "mystery" plaintiff for whom defendants' have no record or recollection of ever having worked for them.

## FACTS

Defendant Gum Gang Inc., d/b/a New York Kimchi ("Gum Gang"), a Korean restaurant located at 16 West 48th Street in Manhattan, first opened for business in or about March of 2014.  Defendant New York Kimchi Catering Corp. is a completely separate catering company that is totally unrelated to Gum Gang Inc., which may have occupied the same restaurant premises prior to when Gum Gang started doing business, and is no longer

1

in business. Defendant Un Cha Kim has been Gum Gang's bookkeeper/payroll clerk/office manager since February 2, 2015.  *See* Declaration of Un Cha Kim at ¶ 1.

In March of 2015, plaintiff's counsel filed a collective/class action Complaint against Defendants under the Fair Labor Standards Act, 29 U.S.C. §§201 *et. seq.* ("FLSA") and the NYLL, entitled  *Burgos v. New York Kimchi Catering, Corp.*, No. 15 Civ. 1971 (S.D.N.Y. March 16, 2015), on behalf of Francisco Burgos, who alleged to have worked as a delivery person/porter. In December of 2015, Ramon Hernandez, also alleged to be a delivery person/porter joined as a plaintiff, and soon thereafter, another alleged delivery persons/porter, Jamie Hernandez, also opted in as FLSA collective plaintiff.

On May 9, 2015, after having initially denied the parties' settlement agreement because of its concern over the attorneys' fees provision, the Court reluctantly "approve[d] the proposed settlement agreement and attorneys' fees."  *See* ECF Docket Number 36 in *Burgos v. New York Kimchi Catering, Corp.*, No. 15 Civ. 1971 (S.D.N.Y. March 16, 2015); see also, accompanying Declaration of Kenneth F. McCallion, dated January 19, 2017, at ¶ 8, and Exhibit 2 attached thereto.

In July of 2015, while *Burgos* was pending, Defendants provided a list of employees, which they supplemented in November of 2015 and again in January of 2016, for a total of 31 employees, excluding plaintiffs Francisco Burgos and Jamie Hernandez, who were already plaintiffs. Thus, as of January 2016 the total number of employees was 33.  *See* Declaration of Un Cha Kim at ¶¶ 5-11.

However, of those 33 employees, Un Cha Kim and Mohammad Aveek were deposed in their uncontested capacities as managers; and Souji Kim, David Kim and Raymond Woon Cho, were the managers before Ms. Kim and Mr. Aveek. *Id*. at ¶¶ 5-8.

Also, one of the listed employees, Samuel Yoo, is the son of Defendant Sandra Yoo. *Id.* at ¶ 9.

Thus, combined with the three settling plaintiffs in *Burgos*, only 24 of those employees, at most, can be seen as potential class plaintiffs here. *Id.* at ¶ 9-11. Although Gum Gang has hired a few new employees in the last year, the number is still under 30. *Id.* at ¶ 13. Of those employees, at least 12 are non-tipped employees that earned between between $8.75 and $15.00 per hour (the minimum wage or above) who never worked overtime. *Id.* at ¶¶ 14-16 and Exhs. A-C attached thereto.

Significantly, none of Gum Gang's employees besides the three *Burgos* plaintiffs opted-in after they had received collective action notices. *Id.* at ¶12. Nor did plaintiffs' attorney in *Burgos* ever seek Rule 23 class action certification. It is also significant that defendants have no records or recollection of plaintiff having worked at Gum Gang; nor do they have any records or recollection of Marcos Fernandez, the only alleged co-worker he identifies for corroboration of his claims. *Id.* at ¶¶ 17-19 and Exhs. A-C thereto; *see also* Declaration of Walter Neira Sanchez, dated August 30, 2016, at ¶ 2.

Accordingly, based upon all of the foregoing facts and the legal argument set forth herein, plaintiff's motion for class certification of his NYLL claims and other relief must be denied in its entirety.

## ARGUMENT

### PLAINTIFF FAILS TO MEET THE REQUIREMENTS NECESSARY TO GRANT RULE 23 CERTIFICATION

**A.    Legal Standard For Certification Under Fed. R. Civ. P. Rule 23**

The Second Circuit requires a "rigorous analysis" to determine "that every Rule 23 requirement" is met before certifying a class. *In re Initial Public Offering Sec. Litig.*, 471

F.3d 24, 41 (2d Cir. 2006) ("[T]here is no reason to lessen a district court's obligation to make a determination that every Rule 23 requirement is met before certifying a class just because of some or even full overlap of that requirement with a merits issue").

It is now settled law that a district court must now "make any disputed factual calls that are relevant to certification, and must make merits determinations to the extent they relate to Rule 23 requirements." *Toure v. Cent. Parking Sys.*, 2007 U.S. Dist. LEXIS 740 (S.D.N.Y. September 28, 2007) at *13 citing, *Vengurlekar v. HSBC Bank*, 2007 U.S. Dist. LEXIS 37521, 2007 WL 1498326, at *3 (S.D.N.Y. May 22, 2006). *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. at 2551-52 ("Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped. "[T]he class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.")

B.     **Plaintiff's Motion Fails to Meet the Numerosity Required Under of Rule 23(a)**

Numerosity is presumed for classes with forty or more members. *Consolidated Rail Corp. v.Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995).  Fewer than twenty-one members dooms a putative class. *Novella v. Westchester Cty.*, 443 F. Supp. 2d 540, 546 (S.D.N.Y. 2006). "However, these are not rigid parameters, and the ultimate issue is whether the class is too large to make joinder practicable." *Ansari v. New York Univ.*, 179 F.R.D. 112, 114 (S.D.N.Y April 22, 1998)(denying certification to a class of 35); *see also Abdul-Malik v. Coombe*, 1996 U.S. Dist. LEXIS 18203, at *1 (S.D.N.Y. Dec. 6, 1996)("practicability [of joinder] does not depend on mere numbers").

In deciding cases falling into the gray area between 21 and 40 class members, courts must consider factors other than class size. *See Jackson v. Foley*, 156 F.R.D. 538, 542 (E.D.N.Y. 1994), which include "(1) the judicial economy that will arise from avoiding

multiple actions; (2) the geographic dispersion of members in the proposed class; (3) the financial resources of those members; (4) the ability of the members to file individual suits; and (5) requests for prospective relief that may have an effect on future class members." *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993).

As discussed above, the total number of employees as of January 2016 was 33, of which 5 were present or past managers, 3 were plaintiffs who settled on the same exact claims in the prior related *Burgos* action, and one is a relative of Gum Gang's principal. Thus, there could be at most, 24 potential class employees as of January 2016, and although, a few new employees have been hired since that date, the number is still presently below 30. Moreover, because as discussed below, plaintiff's claims lack the commonality requirement with the potential claims of at least 12 non-tipped employees, the actual number of potential class employees with truly common/typical claims is actually under 21.

Notwithstanding, in considering the five (5) factors identified above for classes between 21 and 40, it is readily apparent that: (1) this is already the second action, and since collective notices were already sent out to the majority of potential class members, joinder is clearly practicable; (2) none of the proposed members live outside of the New York City area, as demonstrated by the information provided; (3) the financial resources of the members is irrelevant since plaintiffs' attorneys like  counsel here typically work on a contingency and apply for attorneys' fees at the end of the case; (4) this second action clearly demonstrates potential members ability to file their own cases and to find a capable attorney like plaintiff's counsel in the prior (and instant) action(s) who is already fluent with the facts and ready, able and willing to do so; and (5)  plaintiff's claims appear unlikely to render defendants insolvent and thus will not have a negative impact on a proposed class member's  potential future claim.

5

Accordingly, Plaintiff's Motion must be denied for failure to satisfy the numerosity requirement under Rule 23(a)**.**

## C.        **Plaintiff Lacks the Requisite Commonality/Typicality**

"Commonality does not mean that all issues must be identical as to each member, but it does require that plaintiffs identify some unifying thread among the members' claims that warrant[s] class treatment." *Poplawski v. Metroplex on the Atlantic LLC,* 2012 U.S. Dist. LEXIS 46408 *17 (S.D.N.Y. April 2, 2012).

"The critical inquiry is whether the common questions are at the 'core' of the cause of action alleged [and] while it is settled that the mere existence of individualized factual questions with respect to the class representative's claim will not bar class certification, class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." *Noble v. 93 Univ. Place Corp.,* 224 F.R.D. 330, 338 (S.D.N.Y. May 3, 2004)(internal citations omitted).

In addition, the Fourth Circuit has found class certification inappropriate where the claims of the proposed class representative have been found to be without merit, and the individual plaintiff thus had no valid claims since he/she does not have the same interest and has not suffered the same injury as proposed class members. *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 274 (4th Cir. 2005).

Here, plaintiff's primary NYLL claims are, like the *Burgos* plaintiffs' claims, inexorably intertwined with the issue of whether defendants were entitled to a tip credit, and therefore whether they paid the appropriate minimum wage, or whether they correctly applied the tip credit to the applicable overtime rate.  These two issues and the applicable defenses have absolutely nothing in common with the 14 non-tipped employees who were all paid at or above minimum wage and who did not work overtime. *See* Declaration of Un

Cha Kim, at ¶ 14-16. As discussed above, elimination of these 14 employees on commonality/typicality grounds brings the number of potentially eligible class members below the fatal numerosity threshold of 21.

Plaintiff's remaining claims, that defendants had a policy of not providing wage and hour notices/statements and of not paying employees "spread of hours" under NYLL are directly contradicted by the records produced for Jaime Hernandez in the *Burgos* case, which contain the required wage notice signed by him and which also provide weekly pay statements detailing his hours worked, wage paid, his overtime worked, his overtime wages paid, and his spread of hours paid, which are all also signed by Mr. Hernadez. *See* Plaintiff's Exh. G. Although plaintiff argues a number of non-substantive reasons why Mr. Hernandez's wage and hour notices/statements are deficient, they clearly contain all of the information required under NYLL, and directly rebut his claim that his wage and hour notices/statements and "spread of hours" claims are common/typical of his proposed class.

Finally, because defendants have no records or recollection of either plaintiff or the alleged co-worker who "corroborates" his allegations, there is a likelihood that his claims are without merit and that certification should be denied on the basis that he would not have a valid or same interest as proposed class members.

Accordingly, plaintiff's wage and hour notices/statements claim and his "spread of hours" claim also fail to meet the commonality/typicality requirements of Rule 23(a).

D.      **Plaintiff Will Not Adequately Represent the Proposed Class**

The adequacy of representation requirement generally concerns both the named plaintiffs, as representatives of the potential class, and the named plaintiffs' counsel. The purpose of this requirement is to protect the interest of the absent class members who will be bound by the adjudication of their rights in the class action. *See* Fed. R. Civ. P. 23

advisory committee notes. In determining adequacy of representation, the court considers the typicality of the representative's claims to the class members' claims, and whether there are actual or potential conflicts of interests between the representative and the class. *See, e.g. General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147 (1982). Courts have found representatives to be inadequate in a number of cases where the representative failed to institute the class claim on a timely basis *See, e.g. East Texas Motor Freight Sys., Inc. v. Rodriquez,* 431 U.S. 395 (1977).

Here, there are less than a handful of tipped employees out of the total list of employees that could possibly have any claims in common with plaintiff's primary minimum wage and overtime claims, which as discussed above, are wholly dependent on a tip credit analysis under NYLL.  Indeed, the vast majority of Gum Gang employees were paid above minimum wage and worked no overtime, thus presenting a potential conflict of interest with plaintiff. Moreover, because plaintiff's counsel failed to seek class certification in the *Burgos* case when he had the information and opportunity to do so, seeking such certification here, in a second virtually identical case over a year later, and after three employees have already settled out their claims, can hardly be deemed "timely." Indeed, it is reasonable to infer that certification was not sought in the prior action because plaintiff's counsel recognized that it was not appropriate, and that all potential members of a class could easily be contacted with a mailed letter and notice.

Accordingly, plaintiff's motion should be denied for failure to demonstrate that he will adequately represent the interests of the potential class under Rule 23(a) representation.

E.      **Plaintiff's Claims Predominate Over Those Common to The Class**

The predominance requirement under Rule 23(b)(3) "is satisfied if resolution of some of the legal or factual questions that qualify each class member's case as a genuine

controversy can be achieved through generalized proof, and if these particular issues are more substantial than he issues subject only to individualized proof." *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002).  Where individual questions predominated over common ones, certification should be denied. *Alix v. Wal-Mart Stores, Inc.*, 57 A.D.3d 1044, 868 N.Y.S.2d 372, 374 (3d Dep't 2008).

Here, as discussed above, because the primary thrust of plaintiff's claims involve whether defendants were entitled to and properly applied the tip-credit to plaintiff's minimum wage and overtime pay, those complex issues will predominate over any potential claims of the non-tipped employees, who appear to have been paid at or above minimum wage and who did not work overtime.  Indeed, the complexities of the tip-credit issue will clearly predominate over the wage notice/statements and spread of hours claims as well, especially since those claims are also directly contradicted by the records produced for Jaime Hernandez in the *Burgos* case, as discussed above.  Accordingly, plaintiff's motion must be denied under the "predominance" prong of Rule 23 (b)(3).

**F.     A Class Action Is Not Superior Under The Facts Here**

Under the "superiority" prong of Rule 23 (b)(3), "the class action device is particularly well-suited in situations where "plaintiffs are allegedly aggrieved by a single policy of defendants . .. since many nearly identical litigations can be adjudicated in unison," *Augustin v. Jablonsky* (*In re Nassau County Strip Search Cases*), 461 F.3d 219 at 228 (2d Cir. August 24, 2006)(internal quotations omitted).  Again, as with the other Rule 23 requirements, the predominance plaintiff's tip-credit related claims and the lack of commonality/typicality with the potential claims of the largely non-tipped proposed class make this case particularly inefficient and unsuited for the class action device.

## CONCLUSION

WHEREFORE, it is respectfully requested that the Court deny Plaintiff's Motion in

its entirety, and grant such other and further relief as this Court deems just and warranted.

Dated: January 20, 2017
     New York, New York

                       McCALLION & ASSOCIATES LLP

                       /s/ *Kenneth F. McCallion*
                       _____
                       By: Kenneth F. McCallion
                       Kristian K. Larsen
                       100 Park Avenue – 16th floor
                       New York, New York 10017
                       Tel:(646) 366-0884
                       Fax: (646) 366-1384
                       kfm@mccallionlaw.com