UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/24/2018

------------------------------------------------------------ X
:
WALTER NEIRA SANCHEZ, :
                           Plaintiff, :
                                         :      16 Civ. 7784 (LGS)
          -against- :
                                         :      **OPINION AND ORDER**
NEW YORK KIMCHI :
CATERING, CORP., et al., :
                          Defendants. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Walter Neira Sanchez brings this action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") against his alleged former employers, Defendants New York Kimchi Catering, Corp. ("NYKCC"); Gum Gang Inc. ("Gum Gang"); Un Cha Kim and Sandra Yoo. Plaintiff renews his motion for class certification under Rule 23 of the Federal Rules of Civil Procedure on his claim for unpaid spread of hours premium under the NYLL. For the following reasons, the motion is denied and the previously certified class is decertified.

## I. BACKGROUND

### A. The Prior Litigation

      This is the second litigation brought by Plaintiff's counsel regarding Defendants' employment practices. Like this case, *Burgos v. New York Kimchi Catering, Corp.*, No. 15 Civ. 1971 (S.D.N.Y.) ("*Burgos*") was a putative collective and class action on behalf of all non-managerial employees of Defendants' restaurants. The *Burgos* defendants were the same four defendants as in this case. The claims in Burgos were the same as the claims in this case. Like the claims in this action, the Complaint in *Burgos* alleged failure to pay the minimum wage,

overtime, tips and spread of hours premium, and failure to provide required statements and notices, in violation of FLSA and NYLL.

The parties in *Burgos* stipulated to the conditional certification of a collective consisting of "all non-exempt employees (including waiters, bussers, runners, barbacks, bartenders, cooks, line cooks, food preparers, delivery persons and dishwashers) employed by Defendants from March 16, 2012, to the present ("Covered Employees") at New York Kimchi Catering, 16 West 48th Street, New York, New York." The stipulation also stated that Defendants would provide Plaintiff with contact information for all Covered Employees, who would receive notice of their right to join the action. Defendants provided names and contact information for twenty-four (non-managerial, non-settling and non-family) employees who had worked for the restaurant since it opened. Plaintiff's name was not included among the names of employees. In September 2015, two employees joined Burgos as plaintiffs -- Ramon Hernandez and Jamie Hernandez.

In February 2016, the parties in *Burgos* announced a settlement in principle. The settlement was between Defendants and the three plaintiffs, and consisted of "a $45,000 payment from Defendants, of which $25,000 represents the settlement of Plaintiffs' wage and hour claims, $18,000 represents attorneys' fees, and $2,000 represents costs expended . . ." The *Burgos* plaintiffs did not seek Rule 23 class certification.

The court in *Burgos* initially denied the settlement because of concerns over the attorneys' fees provision. The *Burgos* Court later "reluctantly approve[d] the proposed settlement agreement and attorneys' fees," although it cautioned against "any attempt to cite this Order as authority for the proposition that attorneys can collect 40% of a settlement fund in a FLSA case."

**B.     This Action**

A more detailed explication of the facts is included in the Court's previous Opinion and Order, *Sanchez v. New York Kimchi Catering, Corp.*, 320 F.R.D. 366 (S.D.N.Y. 2017). Briefly, as relevant to this motion, Plaintiff brings essentially the same claims against the same defendants as in *Burgos,* acting through the same Plaintiff's counsel. Although both actions were brought as both putative collective and class actions, the *Burgos* case proceeded as a collective action -- necessarily an opt-in proceeding under FLSA, *see* 29 U.S.C. § 216(b) -- with ultimately three plaintiffs in the collective. In this case, Plaintiff's counsel seeks to proceed with a new plaintiff as a class action, on behalf of a larger opt-out class under Rule 23(b)(3), Fed. R. Civ. P.

Plaintiff previously moved for Rule 23 class certification on the NYLL claims "on behalf of all non-exempt employees employed by Defendants at 'New York Kimchi' located at 16 West 48th Street, New York, NY 10036 on or after the date that is six (6) years before the filing of the initial Complaint." Class certification was granted with respect to claims alleging failure to provide wage and hour notices and wage statements for the period beginning March 2014, when Gum Gang first opened. *Sanchez*, 320 F.R.D. at 375. The motion was denied without prejudice with respect to claims of failure to make overtime and spread hour premium payments. *Id*. Plaintiff now brings this renewed motion for class certification on the spread of hours premium claim.

Plaintiff has filed a sworn declaration that he worked as a delivery person for Defendants' restaurant between February 2014 and November 2014, during which time Defendants allegedly violated federal and state labor laws with respect to Plaintiff and all other non-managerial employees. Defendants challenge that Plaintiff ever worked at their restaurant. The restaurant's

bookkeeper/payroll clerk/office manager, Defendant Kim, states in a sworn declaration, "Based upon my own personal knowledge and an exhaustive search of the business records, the Plaintiff -- Walter Neira Sanchez -- has never worked for Gum Gang, Inc. We have no employment or other records relating to him whatsoever." Defendant Kim attests that she had never seen Plaintiff prior to a proceeding in this action. Defendants have also submitted employee lists, none of which include Plaintiff's name. The lists show that, as of December 2017, Defendants have had a total of twenty-eight employees since the restaurant opened who were non-managerial, non-settling and non-family of Defendants. Of those twenty-eight employees, at least twelve are non-tipped employees who never worked overtime or more than ten hours per day. So, according to Defendants, at most sixteen employees are potential class members in this action.

## II. STANDARD

Under Rule 23(a), plaintiffs may sue as a class only if:

(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of those of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

To be certified, the class must also satisfy at least one of the requirements contained in Rule 23(b). Fed. R. Civ. P. 23(b); *see Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015); *Vaccaro v. New Source Energy Partners L.P.*, No. 15 Civ. 8954, 2017 WL 6398636, at *2 (S.D.N.Y. Dec. 14, 2017). In this case, Plaintiff requests certification under Rule 23(b)(3), which allows for certification only if (1) "questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

4

Rule 23 requires that a party "be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation, as required by Rule 23(a)." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)); *accord Moreno v. Deutsche Bank Americas Holding Corp.*, No. 15 Civ. 9936, 2017 WL 3868803, at *4 (S.D.N.Y. Sept. 5, 2017) (quotations and citations omitted). This requires a "rigorous analysis" that "frequently entail[s] overlap with the merits of the plaintiff's underlying claim." *Roach*, 778 F.3d at 407 (quoting *Comcast*, 569 U.S. at 33); *accord Ruiz v. Citibank, N.A.*, 687 F. App'x 39, 40 (2d Cir. 2017) (summary order). "To certify a class, a district court must find that each Rule 23 requirement is established by at least a preponderance of the evidence." *In re Petrobras Sec.*, 862 F.3d 250, 260 (2d Cir. 2017) (internal citations and alterations omitted).

## III. DISCUSSION

Plaintiff renews his motion for class certification with respect to the spread of hours premium claim. The motion is denied for two reasons. First, Plaintiff has not submitted sufficient evidence to show numerosity and superiority. Second, given the dispute over whether Plaintiff was ever employed by Defendants, Plaintiff cannot adequately represent the class.[1] Because these deficiencies apply equally to the previously certified class, that class is decertified.

### A. Numerosity and Superiority

"Numerosity is presumed for classes larger than forty members." *Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 120 (2d Cir. 2014) (citation omitted). By contrast, "[c]ourts will generally decline to certify classes comprising fewer than

---

[1] In light of the denial of class certification on these grounds, this Opinion does not discuss the remaining Rule 23 requirements, including commonality and typicality.

5

approximately 25 members absent extraordinary circumstances." *Sanchez*, 320 F.R.D. at 374 (citing Joseph M. McLauglin, *McLaughlin on Class Actions* § 4:5 (13th ed., 2016)). "However, the numerosity inquiry is not strictly mathematical but must take into account the context of the particular case, in particular whether a class is superior to joinder based on other relevant factors including: (i) judicial economy, (ii) geographic dispersion, (iii) the financial resources of class members, (iv) their ability to sue separately, and (v) requests for injunctive relief that would involve future class members." *Pennsylvania Pub. Sch.*, 772 F.3d at 120. "Rule 23(a)(1) does not mandate that joinder of all parties be impossible -- only that the difficulty or inconvenience of joining all members of the class make use of the class action appropriate." *Cent. States Se. & Sw. Areas Health and Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 244-45 (2d Cir. 2007); *accord Moreno*, 2017 WL 3868803, at *4.

"[T]ak[ing] into account the context of th[is] particular case," *Pennsylvania Pub. Sch.*, 772 F.3d at 120, Plaintiff has not demonstrated numerosity by a preponderance of the evidence. The only evidence in the record regarding the scope of a possible class is undisputed and presented by Defendants. They maintain that, since the restaurant opened, there have been twenty-eight non-managerial, non-settling and non-family related employees who might qualify as class members, but at least twelve of those are non-tipped employees who never worked overtime or more than ten hours per day, and therefore are not eligible for spread of hour premiums. *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6. Accordingly, the putative class consists of at most sixteen employees, a number too small to warrant class treatment, especially here where no extraordinary circumstances justify certification. *Accord, e.g.*, *Martinez v. Funsan K. Corp.*, No. 16 Civ. 5828, 2018 WL 1090188, at *3 (S.D.N.Y. Feb. 26, 2018) (holding that a

class of between nineteen and twenty-nine employees did not satisfy Rule 23(a)'s numerosity requirement).

Certification is especially inappropriate here because, following in the wake of the *Burgos* case, Plaintiff cannot show that the class is so "numerous that joinder of all members is impracticable," Fed. R. Civ. P. 23(a), or "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy," Fed. R. Civ. P. 23(b)(3). This is not a case where putative class members with limited resources can seek redress on their small claims only through a class action. *See, e.g.*, *Seijas v. Republic of Argentina*, 606 F.3d 53, 58 (2d Cir. 2010) ("[T]he district court correctly determined that proceeding individually would be prohibitive for class members with small claims."). Here the putative class members had more than the theoretical possibility of joinder as an alternative to class treatment. In *Burgos* they were actually invited to join together and assert their claims at no cost simply by filing a consent to join the action. *See* 29 U.S.C. § 216(b).

Similarly, no judicial economy would be achieved by certifying a class here. To the contrary, this action simply multiplies the proceedings (and counsel's fees) when Plaintiff's counsel could have attempted to seek Rule 23 certification in *Burgos*. *See, e.g.*, *In re Nassau Cty. Strip Search Cases*, 461 F.3d 219, 230 (2d Cir. 2006) (naming as a factor in assessing superiority of a class action "the extent and nature of any litigation concerning the controversy already commenced by or against members of the class"); *Shayler v. Midtown Investigations, Ltd.*, No. 12 Civ. 4685, 2013 WL 772818, at *7 (S.D.N.Y. Feb. 27, 2013) ("Since all but a few of the plaintiffs known about have already received specific notice of the FLSA opt-in class and have not chosen to join, it is not at all clear that there is any judicial economy to be gained from litigating this matter as a Rule 23 class."). While FLSA is structured to preserve the rights of

7

those who choose not to opt into the collective litigation, that does not make *class* treatment in a subsequent related action appropriate.

B.      **Plaintiff's Adequacy as Class Representative**

Plaintiff also has not established that he is an adequate class representative of non-managerial employees at Defendants' restaurant. "While it is settled that the mere existence of individualized factual questions with respect to the class representative's claim will not bar class certification, class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 59 (2d Cir. 2000); *accord Vargas v. Howard*, No. 15 Civ. 5101, 2018 WL 387896, at *5 (S.D.N.Y. Jan. 10, 2018).

The parties' dispute whether Plaintiff ever worked for the restaurant and, therefore, even has standing to bring this case. Defendants' argument creates a unique defense that threatens to become the focus of the litigation. Plaintiff's only evidence of his employment is his own conclusory declaration that he worked as a delivery person for Defendants between February 2014 and November 2014. Plaintiff has not submitted his own paystubs or payroll records, tax documentation or testimony from former co-workers stating that they worked together at Defendants' restaurant; nor has he provided any details about his employment or the restaurant that would lend credibility to his claim.

Plaintiff's conclusory declaration is controverted by Defendants' evidence. Defendant Kim's declaration states, "Based upon my own personal knowledge and an exhaustive search of the business records, Plaintiff -- Walter Neira Sanchez -- has never worked for Gum Gang, Inc. We have no employment or other records relating to him whatsoever." Defendants have submitted four lists of employees, including other delivery persons, but not Plaintiff. Based on

8

this record, Plaintiff has not sustained his burden of showing that he is an adequate representative of any class.

Plaintiff argues that the assertion that Defendants "never employed Plaintiff is laughable in light of the fact that Defendants have not even bothered to depose Plaintiff or propound any other kind of discovery requests as to Plaintiff, despite their purported concerns." However, it is the "plaintiff seeking certification of a Rule 23(b)(3) class action [who] bears the burden of satisfying the requirements of Rule 23(a)" by producing a preponderance of evidence -- it is not the Defendants' burden to disprove Plaintiff's adequacy as a representative. *Petrobras*, 862 F.3d at 260.

### C. Class Decertification

Even in the absence of a motion to decertify, "[a] district court may -- and should -- decertify a class when the standards of Rule 23 have not been met." *Wu v. Pearson Educ. Inc.*, No. 09 Civ. 6557, 2012 WL 6681701, at *5 (S.D.N.Y. Dec. 21, 2012) (citing *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 572 (2d Cir. 1982)); *see also In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 158 F.R.D. 301, 304–05 (S.D.N.Y. 1994) (decertifying a class sua sponte); Fed. R. Civ. P. 23(C)(1) ("An order that grants or denies class certification may be altered or amended before final judgment.").

Because of the dispute over whether Plaintiff was ever employed at Defendants' restaurant, he is not adequate to represent the previously certified class either. Likewise, the deficiencies with respect to numerosity and superiority apply equally to the previously certified class, even if it has as many as twenty-eight potential class members. Accordingly, the previously certified class is decertified.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's renewed motion for class certification is DENIED with prejudice and the previously certified class is decertified. A separate order will issue to set a trial ready date on Plaintiff's individual claim. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 74.

Dated: May 24, 2018
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE